UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| THE COSAC FOUNDATION, INC, <br> *d/b/a The Homeless Voice,* <br><br> Plaintiff, <br><br> vs. <br><br> COLUMBIA COUNTY, FLORIDA, <br><br> Defendant. | Case No. |

**VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND DAMAGES**

The Plaintiff, The Cosac Foundation, Inc., sues the Defendant, Columbia County, Florida, alleging as follows:

**PRELIMINARY STATEMENT**

1. A Columbia County Ordinance prohibits "Solicitation" and "Loitering" in, near, or within the "curtilage" of buildings owned by the County. Ordinance No. 2022-03 (the "Ordinance"). The Ordinance's broad definition of "Curtilage" extends to all outdoor areas from the walls of a building to the nearest public right-of-way.

2. The Ordinance's "Solicitation" provision violates the First Amendment because it is an overbroad restriction on speech in traditional public fora.

1

3. Moreover, the Ordinance lacks a definition of the term "Loitering." Because it is impossible to know what conduct the Loitering provision prohibits, the provision is unconstitutionally vague in violation of the Fourteenth Amendment.

4. Plaintiff, The Cosac Foundation, Inc. (Foundation), is a non-profit corporation that solicits donations in Columbia County. As the result of the County's adoption and enforcement of the Ordinance, Plaintiff has been hindered in the exercise of its First Amendment rights, faces a continuing threat of citation and fines for solicitation activities, and has suffered damages.

5. Plaintiff brings this action for declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 for past and ongoing injury to its rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b). The Defendant is located in this District and all of the acts and omissions complained of herein occurred and will continue to occur in the Middle District of Florida.

## PARTIES

8. Plaintiff, The Cosac Foundation, Inc. (Foundation), is a nonprofit charitable corporation exempt from federal income taxation under Section

501(c)(3) of the Internal Revenue Code. The Foundation is incorporated in the State of Florida, and maintains its principal offices in Broward County, Florida. The Foundation seeks to engage in various First Amendment activities on Columbia County property located in Lake City, Florida.

9. Defendant Columbia County, Florida is a political subdivision organized under the laws of the State of Florida, with the capacity to sue and be sued.

10. The Columbia County Board of County Commissioners sets final policy by passing and adopting County ordinances. Sections of the Code of Ordinances are official policy of the County.

11. The County is sued for injunctive and declaratory relief and damages on the basis of acts of officials, officers, agents and employees of the County, which were taken pursuant to official policy, practice, or custom. At all times relevant herein, the officials, officers, agents, and employees of the County were acting under the color of state law.

## STATEMENT OF FACTS

### The Cosac Foundation and the Homeless Voice

12. The Cosac Foundation ("Foundation") publishes and operates the Homeless Voice, a newspaper which seeks to raise awareness of homeless issues in Columbia County and in other local communities throughout Florida and nationwide. In furtherance of its mission, Foundation representatives distribute

3

the newspaper to interested persons, and discuss such issues as homelessness, medical care, shelter services, rehabilitation, and religion.

13. The Homeless Voice newspaper is primarily distributed by a solicitor program comprised of homeless and formerly homeless individuals who, after training on safety issues, go onto public property to distribute the paper and request donations. The program provides job skills and meaningful work to homeless people.

14. Although the newspaper is free, the Foundation solicitors accept voluntary donations from the public. Solicitors offer the newspaper to pedestrians on public property, and if the pedestrian takes the paper, the solicitor asks for a donation. The solicitors give the newspaper to anyone who requests it and never demand a donation. Many pedestrians give a donation without accepting a paper.

15. Foundation solicitors wear distinctive bright colored shirts or aprons that clearly identify them as solicitors for the Homeless Voice. They do not harass or delay pedestrians and are well behaved, friendly, and respectful of the people who are walking or standing on public property. They do not obstruct foot traffic or impede pedestrians from entering a public building.

16. The donation amounts collected by the solicitors are shared between the Foundation and the solicitors. The Foundation uses the money to support the Foundation's transitional housing units for the homeless and working poor. The

Foundation currently owns and operates two transitional housing facilities in Lake City, Florida.

**The Columbia County Courthouse Complex**

17. The Columbia County Courthouse and Administration Building serve as a vibrant focal point for public life in Columbia County and are conveniently located near the Lake City downtown business district.

18. Both buildings are two of the oldest in Columbia County and the Courthouse, built in 1905, was designed by famed architect Frank Pierce Milburn.

19. Right outside the front steps of the Courthouse is a plaza that resembles a town square. It extends from the Courthouse steps to the parking lot, and features informational plaques, memorials, ample lighting, trees, and benches. During business hours, dozens of people pass through the plaza on their way to and from the Courthouse.

20. This is a picture of the Courthouse and plaza[1]:

---

[1] "Columbia County Courthouse, in the Lake City Historic Commercial District in Lake City, Florida," by Ebyabe, is licensed under CC-By-SA-2.5. For a Google Maps Streetview of the plaza in front of the Courthouse, *see* https://maps.app.goo.gl/gqbWBPrc5wNHCncz8.



21. Across the parking lot to the West is Olustee Park, which also contains footpaths, benches, and trees. It frequently hosts farmers' markets and other events.

22. Next to Courthouse to the south is the County Administration Building.

23. In the past, the Courthouse plaza has been the venue of public demonstrations and protests.

24. In 2020, protesters gathered in front of the Courthouse to demonstrate against COVID-19 measures.

25. The following year, another group protested there against police violence.

26. For many years on alternating Saturdays, a farmers market has been held in the parking lot across from the Administration Building.

**Solicitation on Columbia County Property**

27. In July of 2019, the Foundation decided to solicit donations and distribute the Homeless Voice in the Courthouse plaza. The Foundation chose that location because of its status and location—a sizeable town-square-style plaza, with trees and benches, that has steady foot traffic during business hours.

28. However, when Foundation solicitors began to distribute the Homeless Voice and solicit donations in the Courthouse plaza, they were told by court officials and sheriff's deputies that that they would not permit solicitors there. Officials did not cite any applicable Ordinance, but, in the spirit of cooperation, the Foundation sought another location for its activities.

29. Solicitors from the Foundation moved to the grounds of the Columbia County Administration Building, which is next to the Courthouse.

30. The Administration Building houses several county offices and there is a steady stream of foot traffic going in and out of the building during business hours.

31. There, Foundation solicitors stood in the plaza area next to the steps at the West entrance to the Administration Building, and in the large, paved walkway between the steps and the parking lot.

32. This is a picture of that area:



33.     Although not completely satisfied with this alternate location, the Foundation attempted to make it work.

34.     From 2019 to 2022, representatives of the Foundation solicited peacefully on the walkway to the side of the entrance of the Administration Building.

35.     During that time, Foundation solicitor Frank Leonardo positioned himself on the paved area next to the entrance of the Administration Building and distributed the Homeless Voice.

36.     Because he suffers from a physical disability, Mr. Leonardo would sometimes lean against or sit on the far end of the stoop next to the entrance. From that position—where he did not block or obstruct access to the building—he would hold up the paper in one hand and a bucket for donations in the other.

37. Mr. Leonardo would offer the paper to those entering the building, and ask, "Care to help today?" He would offer the paper to everyone regardless of whether they gave him a donation. Many people who gave a donation told Mr. Leonardo to keep the paper.

38. Mr. Leonardo solicited five days a week and was sometimes joined by another solicitor from the Foundation, who would solicit on the opposite side of the walkway next to the building.

39. Mr. Leonardo would begin at 8:00 am and usually stay until after 3:00 pm. On a typical day, he would hand out between 15 to 20 papers.

40. He was friendly and courteous, and many people who frequented the building got to know him, greeted him every day, and asked how he was doing.

**The Passage of Ordinance 2022-03**

41. On May 5, 2022, the Columbia County Board of County Commissioners introduced Ordinance No. 2022-03 (the "Ordinance") for consideration by the Board. The Ordinance sought to amend Chapter 2, Article VII, Division 2, Sections 2-431 and 2-436 of the Columbia County Code of Ordinances by prohibiting certain activities—including solicitation and loitering—in and around County buildings. The Board unanimously approved the Ordinance on its first reading and set the Ordinance for an adoption hearing at the next Board meeting.

42. On May 19, 2022, the Board of County Commissioners passed the Ordinance unanimously and without discussion or public comment.

43. As relevant to this litigation, the Ordinance prohibits the following activities:

> (7) Solicitation. To ensure all citizens unfettered access to governmental services, no solicitation shall be permitted within or upon any county building or the curtilage of said buildings.
>
> (8) Loitering. To ensure all citizens unfettered access to governmental services, no loitering shall be permitted within or upon any county building or the curtilage of said buildings.

Columbia County Code of Ordinances § 2-436.

44. The Ordinance does not define "Solicitation" or "Loitering," and those terms are not defined elsewhere in the Code of Ordinances of Columbia County.

45. A typical definition of solicitation includes requesting or seeking to obtain something. *See, e.g.,* SOLICITATION, Black's Law Dictionary (11th ed. 2019). Thus, this would include requesting donations, but it would also include asking for a vote, to sign a petition, to join a church or political party, to visit a restaurant, or simply requesting directions.

46. The Ordinance defines "County buildings" broadly to include "all buildings, together with the tenements, hereditaments, appurtenances, and adjacent easement and parking areas located within the county[.]" Columbia County Code of Ordinances § 2-431.

47. "Curtilage" is defined as "all outdoor areas adjoining or adjacent to any county building extending from the vertical walls or fixtures of the building itself to the edge of the nearest public right-of-way and should be construed as

inclusive of all such outdoor areas upon the same parcel or lot without exclusion." *Id.*

48. The term "right-of-way" is not defined in the Ordinance.

49. The practical effect of the Ordinance is to prohibit "Solicitation" and "Loitering" on virtually all Columbia County property. That is because nearly all County property has some structure that constitutes a "building," and the Ordinance's definition of "Curtilage" extends from those buildings to "to the edge of the nearest public right-of-way"—typically to the sidewalk or street.

50. This means that, on virtually all public property and parks in Columbia County—including the town-square-style Courthouse plaza and the area in front of the Administration Building—people cannot ask for anything, including for donations, votes, church attendance, or directions ("solicitation"), nor can they even remain in those areas without an apparent purpose ("loitering").

51. Violations of the Ordinance are punishable "by a civil penalty of not more than $100.00 for the first violation, and not more than $500.00 for each subsequent violation within three years." *Id.* § 2-438.

52. In the Preamble to the Ordinance, the "Whereas" clauses reveal that a primary purpose of the Ordinance is to prevent discomfort that citizens experience in response to solicitation, particularly those soliciting for donations:

> **WHEREAS,** citizen complaints of interactions with solicitors stationed at the entrances of County-owned or County-leased buildings have grown more frequent, chilling some citizens'

11

> desire to visit these buildings to conduct necessary business with the County;
>
> **WHEREAS**, no citizen should be subjected to unwelcome interactions when visiting a County-owned or County-leased building to conduct business with County administration or Constitutional Officers of the County[.]

53. At the first reading of the Ordinance on May 5, 2022, the Ordinance was described as a law to "prohibit loitering and solicitation on county property."

54. In the meeting, one Commissioner asked whether the Ordinance would "prohibit the Homeless shelter from sitting there and taking donations?" The sponsor of the Ordinance sponsor answered yes and explained that he had received complaints from people who had experienced discomfort caused by solicitation. *Id*.

55. The sponsor specifically mentioned the Homeless Voice in particular and denigrated its motives, opining that the Homeless Voice does not truly need money because, "It's a corporation." *Id*. The commissioner stated that the Homeless Voice "takes money and gives them [solicitors] free motel rooms, which is a good program if you're trying to get money, but it's a little different than just a guy that needs to pay for his bills." *Id*.

**Enforcement of the Ordinance**

56. In July of 2022, a Columbia County Sheriff's Deputy approached Mr. Leonardo while he was soliciting at the Administration Building and told him that because of a new law that had just been passed, he could no longer solicit at

the Administration Building and that he had to leave the area, immediately. Fearing an arrest or citation, Mr. Leonardo complied and left.

57. The Deputy made clear to Mr. Leonardo that he could not solicit on the large, paved walkway outside the entrance of the Administration Building, in addition to the area along the steps leading to the entrance.

58. The Foundation wants to continue to solicit and distribute the Homeless Voice at the Administration Building and the Courthouse plaza. However, because it fears having its solicitors cited for a violation of the Ordinance, they have not returned and have not solicited at or near any building on county property.

59. The ongoing threat of citation and fines has had a chilling effect on the Foundation's exercise of its First Amendment rights in Columbia County. Consequently, the Foundation has suffered and continues to suffer damages and harm for the violation of its constitutional rights under the First Amendment.

## CAUSES OF ACTION

### COUNT I – FIRST AMENDMENT – FREE SPEECH/OVERBREADTH
### § 2-436(7): Prohibition on Solicitation

60. Plaintiff realleges and incorporates the allegations in the paragraphs preceding the Causes of Action section as if set forth herein.

61. At all times relevant hereto, the Columbia County Board of County Commissioners was the final policymaker for Columbia County for the purpose of

adopting ordinances regulating constitutionally protected speech and expressive conduct within the boundaries of the County.

62. Solicitation for donations is recognized as speech entitled to First Amendment protection.

63. The locations in which Plaintiff wishes to solicit are traditional public fora.

64. The Ordinance's solicitation prohibition also extends to vast open spaces of Columbia County parks and other public properties. Those areas are indisputably traditional public fora.

65. Columbia County Ordinance Section 2-436(7) is a content-based restriction on speech, in that it seeks to counter the expression of a specific subject area of speech—requests for donations—by certain disfavored speakers, solicitors from the Foundation.

66. Section 2-436(7) is unconstitutional because it is a content-based restriction on speech that is not narrowly tailored to serve compelling state interests, nor is it the least restrictive means of serving any compelling government interest.

67. Should Section 2-436(7) be construed as content-neutral rather than content-based, the regulation is nonetheless unconstitutional because it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest, and it does not leave open ample alternative channels of communication.

68.     Section 2-436(7) is unconstitutional in a substantial number of its applications, compared to its legitimate sweep.

69.     The County's adoption and ongoing enforcement of the Ordinance has proximately caused harm to the Plaintiff and the deprivation of Plaintiff's First Amendment rights.

## COUNT II – FOURTEENTH AMENDMENT – DUE PROCESS/VOID FOR VAGUENESS
### § 2-436(8): Prohibition on Loitering

70.     Plaintiff realleges and incorporates the allegations in the paragraphs preceding the Causes of Action section as if set forth herein.

71.     At all times relevant hereto, the Columbia County Board of County Commissioners was the final policymaker for Columbia County for the purpose of adopting ordinances regulating constitutionally protected speech and expressive conduct within the boundaries of the County.

72.     Subsection (8) of Section 2-436 of the Code of Ordinances prohibits "Loitering," but the term "Loitering" is not defined in the Ordinance or elsewhere in the Code of Ordinances.  Common definitions of that term include harmless and inoffensive conduct, including conduct that is protected by the Fourteenth Amendment.

73.     In failing to give reasonable notice as to what conduct is prohibited, the "Loitering" provision is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment.

74. The "Loitering" provision authorizes and encourages arbitrary enforcement.

75. The County's adoption and ongoing enforcement of the Solicitation provision have proximately caused harm to the Plaintiff and the deprivation of Plaintiff's rights.

## REQUEST FOR RELIEF - ALL COUNTS

**WHEREFORE**, Plaintiff respectfully requests and seeks the following relief:

A. A declaration that Subsections (7) and (8) of Section 2-436 of the Columbia County Code of Ordinances violate the First and Fourteenth Amendments of the U.S. Constitution, both facially and as applied to Plaintiff;

B. A preliminary and permanent injunction prohibiting the County from enforcing Subsections (7) and (8) of Section 2-436 of the Columbia County Code of Ordinances;

C. All damages permitted by law, including but not limited to compensatory and nominal damages;

D. Attorneys' fees and costs; and

E. Any other relief that is just and proper.

## Jury Demand

Plaintiff demands trial by jury on all counts alleged above.

Respectfully submitted,


Dante P. Trevisani
Florida Bar No. 72912
E-mail:
*DTrevisani@FloridaJusticeInstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail:
*RTaseff@FloridaJusticeInstitute.org*
Florida Justice Institute, Inc.
PO Box 370747
Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

By: *s/Ray Taseff*
         Ray Taseff


**Attorneys for the Plaintiff**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| THE COSAC FOUNDATION, INC, )<br>*d/b/a The Homeless Voice,* )<br>  )<br>   Plaintiff, )<br>  )<br>vs. )    Case No.<br>  )<br>COLUMBIA COUNTY, FLORIDA, )<br>  )<br>   Defendant. )<br>_____) | |

**<u>DECLARATION OF SEAN CONONIE</u>**

I, Sean Cononie, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

My name is Sean Cononie. I am the Chief Executive Officer and a Member of the Board of Directors of the Cosac Foundation, Inc. I have reviewed the Verified Complaint above, and state that the facts which pertain to the Cosac Foundation, Inc., are true and accurate to the best of my knowledge and belief.

I understand that a false statement in this declaration will subject me to penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/Sean Cononie*      Date: December 21, 2023
Sean Cononie