## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

THE COSAC FOUNDATION, INC.,
D/B/A THE HOMELESS VOICE,

     Plaintiff,

v.                                  Case No. 3:23-cv-1499-MMH-JBT

COLUMBIA COUNTY, FLORIDA,

     Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 3; Motion), filed by The Cosac Foundation, Inc. (the "Foundation") on December 22, 2023. Defendant Columbia County, Florida filed a response on January 16, 2024. See Columbia County, Florida's Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. 17). And Plaintiff filed a reply on January 18, 2024. See Plaintiff's Reply in Support of Plaintiff's Motion for Preliminary Injunction (Doc. 18). On January 25, 2024, the Court held a hearing on the Motion at which the parties argued their

respective positions, the record of which is incorporated herein by reference.[1]
For the reasons stated on the record, it is

      **ORDERED:**

1.    Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **GRANTED**, to the extent that the Court finds:

    a. The Foundation is substantially likely to succeed on the merits of its claim that Columbia County Ordinance Section 2-436(7), the Solicitation Provision, violates the First Amendment because it is not a reasonable time, place, and manner restriction.

    b. The Foundation is substantially likely to succeed on the merits of its claim that Columbia County Ordinance Section 2-436(8), the Loitering Provision, is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment because it fails to give reasonable notice as to what conduct is prohibited.

---

[1] The Court notes that, as the Motion is one for preliminary injunctive relief and is necessarily before the Court on an expedited schedule, the factual record discussed on the record is not completely developed. Therefore, even those facts which are uncontroverted at this time do not necessarily reflect what may be established on a more fully developed record following trial on these issues. Accordingly, the determinations in this Order are expressly limited to the record before the Court at this time and should not be interpreted as a final decision on the merits.

    c. The Foundation is suffering and will continue to suffer irreparable harm absent relief.

    d. The balance of harms and the public interest weigh in favor of enjoining the Solicitation Provision and the Loitering Provision.

    e. The Solicitation Provision and the Loitering Provision are severable from the remaining valid portions of Columbia County Ordinance 2022-03.

2. The Court severs the Solicitation Provision and the Loitering Provision from the remainder of Columbia County Ordinance 2022-03.

3. Defendant Columbia County, Florida and its officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby **ENJOINED** from enforcing Columbia County Ordinance Sections 2-436(7) and 2-436(8), effective January 25, 2024. This injunction will remain in place until entry of a final judgment in this action or until otherwise ordered.

4. In any other respects Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of January, 2024, <u>nunc pro tunc</u> to January 25, 2024, at 3:26 p.m. EST.

**MARCIA MORALES HOWARD**
United States District Judge

Lc32
Copies to:

Counsel of Record